UNITED STATES of America,

v.

**Richard P. MEYER, Appellant.**

No. 01–2281.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 14, 2002.

Jan. 25, 2002.

Before ALITO and ROTH, Circuit Judges, and SCHWARZER, Senior District Judge.

MEMORANDUM OPINION
OF THE COURT

PER CURIAM.

Because we write for the benefit of the parties, the background of the appeal is not set out.

We reject defendant's argument that the District Court erred when it declined to depart downward from the applicable sentence range after the government filed a motion pursuant to Section 5K1.1 of the Sentencing Guidelines. Section 5K1.1 states (emphasis added): "Upon motion of the government stating that the defendant has provided substantial assistance in the investigation and prosecution of another person who has committed the offense, the court may depart from the guidelines." The decision whether to depart downward lies in the discretion of the District Court, and we do not have jurisdiction to review an appeal challenging a District Court's discretionary refusal to depart downward from an appropriate Sentencing Guidelines' range. See, e.g., *United States v. Casiano*, 113 F.3d 420, 429 (3d Cir.1997); *United States v. Spiropoulos*, 976 F.2d 155, 162–63 (3d Cir.1992).

The record is clear that the District Court gave substantial consideration to the motion to allow a downward departure, recognized its authority to depart downward, and exercised its discretion to decline to depart from the appropriate range provided by the Sentencing Guidelines. We thus conclude that the District Court's denial was discretionary, and appellate jurisdiction is therefore lacking.

We also reject defendant's argument that the District Court used information in violation of the immunity granted by the plea agreement and in violation of the Fifth Amendment. The information the District Court used came from the plea agreement and there is nothing to show that it came from his immunized testimony at trial. Moreover the plea agreement referred to Section 1B1.8 of the Sentencing Guidelines and Section 1B1.8(b)(5) permits the use of information provided pursuant to a cooperation agreement in determining whether and to what extent a downward departure is warranted. Accordingly, defendant's appeal is dismissed.